UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Cause No. 1:14-cr-0096-SEB-TAB-13
)
DANNY W. MAGGARD, )
)
Defendant. )

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable

Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for

Warrant or Summons for Offender Under Supervision ("Petition") filed on January 13, 2017, and

to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§

3401(i) and 3583(e). Proceedings were held on February 7, 2017, in accordance with Rule 32.1

of the *Federal Rules of Criminal Procedure*.[1]

On February 7, 2017, defendant Danny W. Maggard appeared in person with his

appointed counsel, Michael Donahoe. The government appeared by Brad Blackington, Assistant

United States Attorney. The United States Probation Office ("USPO") appeared by Officer

Jason Nutter, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise
noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The court advised Mr. Maggard of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Maggard questions to ensure that he had the ability to understand the proceedings and his rights.

2.     A copy of the Petition was provided to Mr. Maggard and his counsel, who informed the court they had reviewed the Petition and that Mr. Maggard understood the violations alleged. Mr. Maggard waived further reading of the Petition.

3.     The court advised Mr. Maggard of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Maggard was advised of the rights he would have at a preliminary hearing. Mr. Maggard stated that he wished to waive his right to a preliminary hearing.

4.     Mr. Maggard stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

5.     The court advised Mr. Maggard of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6.     Mr. Maggard, by counsel, stipulated that he committed Violation Numbers 1 and 2 set forth in the Petition as follows:

**Violation**
**Number**      **Nature of Noncompliance**

1       **"The defendant shall not unlawfully possess a controlled substance.
        The defendant shall refrain from any unlawful use of a controlled
        substance."**

        The offender submitted four positive drug screens which tested positive for
        methamphetamine on the following dates: August 23, 2016; October 24,
        2016; December 25, 2016; and January 6, 2017.  The offender admitted he
        ingested methamphetamine to produce the first three screens.

2       **"The defendant shall participate in a substance abuse treatment
        program at the direction of the probation officer, which may include
        more than eight drug tests per month.  The defendant shall abstain
        from the use of all intoxicants, including alcohol, while participating in
        substance abuse treatment program.  The defendant is responsible for
        paying a portion of the fees for substance abuse testing and/or
        treatment."**

        The offender failed to report for a scheduling drug treatment counseling
        session on January 10, 2017.  He was a no call/no show.  The offender
        submitted two dilute urine screens on November 11, 2016, and on
        December 25, 2016, (also tested positive for methamphetamine on same
        date).  The offender failed to appear for a random drug screen on December
        13, 2016.

7.      The court placed Mr. Maggard under oath and directly inquired of Mr. Maggard
whether he admitted violations 1 and 2 of his supervised release set forth above.  Mr. Maggard
admitted the violations as set forth above.

8.      The parties and the USPO further stipulated that:

  (a)     The highest grade of Violation (Violation 2) is a Grade B violation
          (U.S.S.G. § 7B1.1(a)(2)).

  (b)     Mr. Maggard's criminal history category is VI.

  (c)     The range of imprisonment applicable upon revocation of Mr. Maggard's
          supervised release, therefore, is 12 months' imprisonment.  (*See* U.S.S.G.
          § 7B1.4(a).)

9.      The parties jointly recommended a sentence of six (6) months with no supervised
release to follow.  Defendant requested a recommendation of placement at FCI Terre Haute.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, DANNY W. MAGGARD, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of six (6) months with no supervised release to follow. The court recommends that Mr. Maggard be assigned to a facility that can provide the substance abuse treatment that he needs. It further recommends that, given the relatively short period of imprisonment, his assignment be expedited as much as possible so that he can obtain the benefit of that treatment program. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Maggard stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Maggard entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Maggard's supervised release, imposing a sentence of imprisonment of six (6) months with no supervised release to follow. The court recommends that Mr. Maggard be assigned to a facility that can provide the substance abuse treatment that he needs. It further recommends that, given the relatively short period of imprisonment, his assignment be expedited as much as possible so that he can obtain the benefit of that treatment program. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: _2/8/17_ _____

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Marshal